UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

FLORIBERTO IBARRA ABAD,

               Petitioner,

v.

KEVIN RAYCRAFT et al.,

               Respondents.

_____/

Case No. 1:26-cv-1288

Honorable Paul L. Maloney

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I.    Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.6–7.)

In an order entered on April 22, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should

not be granted. (Order, ECF No. 3.) Respondents filed their response on April 27, 2026, (ECF No. 4), and Petitioner filed his reply on April 30, 2026, (ECF No. 5).

## II.    Factual Background

Petitioner is a native and citizen of Mexico. (Pet., ECF No. 1, PageID.3.) Petitioner entered the United States in Douglas, Arizona, on November 1, 2005. (Warrant of Removal, ECF No. 4-2, PageID.19.) On February 6, 2008, an Immigration Judge in the Detroit Immigration Court entered an order of removal against Petitioner. (Feb. 2008 Order Immigration Judge, ECF No. 4-1, PageID.16.) In this order, the Immigration Judge also denied Petitioner's application for voluntary departure. (*Id*.) Petitioner was removed from the United States on February 24, 2009. (Feb. 2009 Form I-205, ECF No. 4-2, PageID.21.)

On March 17, 2009, Petitioner reentered the United States at or near Sasabe, Arizona, without inspection. (Reply, ECF No. 5, PageID.32; 2009 Notice of Decision to Reinstate Prior Order, ECF No. 4-3, PageID.24.) On March 25, 2009, a Department of Homeland Security (DHS) agent determined that Petitioner was subject to removal from the United States through reinstatement of the prior removal order. (2009 Notice of Decision to Reinstate Prior Order, ECF No. 4-3, PageID.24.) That same day, Petitioner was removed from the United States. (Mar. 2009 Form I-205, ECF No. 4-3, PageID.26.) In approximately 2011, Petitioner reentered the United States without inspection. (Pet., ECF No. 1, PageID.3.)

On April 6, 2026, Petitioner was taken into DHS custody. (*Id*., PageID.2.) Also on April 6, 2026, a DHS agent determined that Petitioner was subject to removal from the United States through reinstatement of the prior removal order. (2026 Notice of Decision to Reinstate Prior Order, ECF No. 4-4, PageID.31.) There is no indication in the record before the Court that Petitioner is currently scheduled for a hearing in Immigration Court.

### III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.    Merits Discussion

Respondents argue that Petitioner is subject to an administratively final order of removal and that he is properly detained pursuant to 8 U.S.C. § 1231. Petitioner does not dispute Respondents' claim that Petitioner is subject to an administratively final order of removal and that he is properly detained under 8 U.S.C. § 1231. Instead, Petitioner challenges the validity of the 2008 order of removal and the 2026 notice of reinstatement. Petitioner also argues that Respondents have not established that Petitioner will be removed from the United States within the removal period. *See* 8 U.S.C. § 1231(a)(1)(A).

Under 8 U.S.C. § 1231(a)(5), "If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry." Noncitizens subject to reinstated orders of removal are governed by § 1231's detention provisions. *Johnson v. Guzman Chavez*, 594 U.S. 523, 535 (2021). "[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section

3

referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id*. § 1231(a)(2)(A). "The [90-day] removal period begins on . . . [t]he date the order of removal becomes administratively final." *Id*. § 1231(a)(1)(B). "[R]einstated removal orders are 'administratively final.'" *Guzman Chavez*, 594 U.S. at 534.

After the 90-day removal period has expired, a noncitizen may continue to be detained. *See* 8 U.S.C. § 1231(a)(6). The Supreme Court has held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen "for a presumptively reasonable period" of time, which the Supreme Court concluded equaled six months. *Zadvydas*, 533 U.S. at 701. After the six-month period, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*.

Here, as noted above, Petitioner's order of removal became final at some point before his removal from the United States in February 2009, and the 90-day removal period following the order expired well before Petitioner filed the present action. *See* 8 U.S.C. § 1231(a)(1)(B). Petitioner has currently been detained for less than two months, and his detention therefore falls within the six-month presumptively reasonable period of detention following a final order of removal as established by *Zadvydas*, 533 U.S. at 701.

## Conclusion

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:      May 27, 2026                          /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  United States District Judge

4